## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZUBO ZHANG,
4355 Varsity Dr.,
Ann Arbor, MI 48108

      *Plaintiff,*

Civil Case No.:_____

v.

Hon._____

DEPARTMENT OF HOMELAND SECURITY
PRIVACY OFFICE
2707 Martin Luther King Jr. Ave. SE
Mail Stop 0655
Washington, D.C. 20528-0655

and

DEPARTMENT OF HOMELAND SECURITY
OFFICE OF STRATEGY, POLICY AND PLANS
2707 Martin Luther King Jr Ave SE
Mail Stop 0525
Washington, D.C. 20528-0525

      *Defendants.*

## <u>COMPLAINT FOR DECLARATORY AND INJUCNTIVE RELIEF</u>

NOW COMES Mr. Zubo Zhang ("Zhang") ("Plaintiff" or "Mr. Zhang") stating their complaint as follows:

### INTRODUCTION

1.      Plaintiff bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., against the Defendant the United States Department of Homeland Security ("DHS") Privacy Office ("DHS Privacy Office") and DHS Office of Strategy, Policy and Plans ("DHS PLCY") (collectively "Defendants").

1

2.     Specifically, Defendants violated the FOIA through its wrongful failure to respond to Plaintiff's FOIA Request submitted on August 18, 2023 (FOIA Request No. 2023-HQFO-02158, "FOIA Request").

3.     Plaintiff Mr. Zhang is the President of Camel Energy, Inc. ("Camel Energy"), who's parent company, Camel Group, was added to the Uyghur Forced Labor Prevention Act ("UFLPA") Entity list on August 2, 2023 by an interagency United States government task forced called the Forced Labor Enforcement Task Force ("FLETF"), which is chaired by DHS PLCY.  When it became clear that the FLETF did not intend to disclose its reasons for its actions against Camel Group, Plaintiff submitted the FOIA Request to DHS Privacy Office seeking, *inter alia*, the administrative record relating to the decision to include Camel Group to the UFLPA Entity List.[1]

4.     Despite communications from DHS Privacy Office indicating general timeframes for a response, unilaterally extending its response deadline, and informing Plaintiff that DHS PLCY was tasked with searching for the records, Defendants failed to provide any response to Plaintiff's FOIA Request within the timelines set forth in FOIA and by DHS Privacy Office itself, in violation of Defendants' statutory obligations.

5.     Consequently, the Court should order that Defendants immediately and fully comply with Plaintiff's FOIA Request, immediately produce all documents, materials, and communications responsive to Plaintiff's FOIA Request, award Plaintiff his costs and attorneys'

---

[1]Camel Group submitted a removal request petition on November 7, 2023 regarding the FLETF's decision to add Camel Group to the UFLPA Entity List. On July 9, 2024, the FLETF summarily denied Camel Group's removal petition without providing a reasoned opinion and without ever providing Camel Group with its administrative record or informing it of the reasons behind the FLETF's decision to add Camel Group and deny its removal petition, in violation of the Administrative Procedures Act.  On January 17, 2025, Camel Group filed litigation against the FLETF, which is currently pending in the U.S. Court of International Trade.  *See* Camel Group Co., Ltd. v. United States, et al., Case No. 1:25-cv-00022.

fees, and find that Defendants acted arbitrarily and capriciously in failing to comply with timelines under FOIA.

## PARTIES, JURISDICTION AND VENUE

6.   This Court has both subject matter and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7.   Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

8.   Plaintiff Mr. Zubo Zhang is a United States lawful permanent residence with an address of 4355 Varsity Dr., Ann Arbor, MI 48108, serves as President of Camel Energy, Inc. ("Camel Energy"), and submitted the Request.

9.   DHS is an independent agency of the United States Government tasked with monitoring and protecting the United States border as well as the United States from internal and external threats.  The DHS Privacy Office oversees the DHS FOIA program and its principal office is located at DHS Privacy Office, 2707 Martin Luther King Jr. Ave. SE, Mail Stop 0655, Washington, D.C. 20528-0655.  DHS Privacy Office is the agency to which Plaintiff submitted his FOIA request, and it oversees the collection of documents responsive to Plaintiff's Request.

10.   The DHS PLCY is overseen by DHS under its Office of the Executive Secretary with an address of 2707 Martin Luther King Jr. Ave. SE, Mail Stop 0525, Washington, D.C. 20528-0525.  DHS PLCY is tasked with searching for records responsive to Plaintiff's' FOIA Request.

## STATUTORY AND LEGAL FRAMEWORK

11.   5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

12.   An agency must respond to a party making a FOIA request within twenty (20) working days, notifying that party of the agency's determination whether or not to fulfill the request and of

the requestor's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

13.     The agency must notify the party requesting public records of "such determination and the reasons therefor" within this twenty (20) day period. 5 U.S.C. § 552(a)(6)(6)(A)(i)(I).

14.     In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

15.     "The burden of proof is on the agency to sustain its action" in response to a FOIA request. 5 U.S.C. § 552(a)(4)(B).

16.     As a general matter, a FOIA requestor must exhaust all administrative appeal remedies before seeking judicial redress. *If, however, an agency does not adhere to the above referenced statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement.* 5 U.S.C. § 552(a)(6)(C)(i) (emphasis added).

*17.*     A requestor is required to exhaust administrative appeals when an agency makes and communicates its "determination" whether to comply with a FOIA request. For a government agency to have made a "determination," the agency must, in the relevant time-period, provide the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents. *Citizens for Ethics and Responsibility in Washington v. Federal Election Commission*, 711 F.3d 180, 182-183 (D.C. Cir. 2013). "*It is not enough that, within the relevant time period, the agency simply decide to later decide*." *Id*. at 186 (emphasis added). Rather, within the time period under FOIA, "the agency must at least inform the requestor of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id*.

## STATEMENT OF FACTS

18.    On August 2, 2023, the FLETF, which is led by DHS PLCY, announced that Camel

Group was added to the UFLPA Entity List pursuant to UFLPA Sec. 2(d)(2)(B)(ii).  The FLETF

did not then, and has not as of the date of this complaint, explained its basis for doing so or provided

Camel Group with its administrative record.[2]

19.    Plaintiff submitted the FOIA Request on August 18, 2023 to DHS Privacy Office,

requesting, *inter alia*, the administrative record supporting the FLETF's decision.  A copy of the

FOIA Request was submitted via DHS SecurePortal and via email, and is provided as **Exhibit A**.

20.    This established Defendants' statutory required response date as 20 days from August

18, 2023, or September 7, 2023.  Even if the 20 day time frame excludes weekends and holidays,

that would have put the statutory required response date as September 18, 2023.

21.    As of August 28, 2023, Plaintiff still had not received any communication from DHS

Privacy Office.  In the absence of any response or confirmation from DHS Privacy Office, Plaintiff

checked the SecurePortal and saw that the FOIA Request had been received and was in its "Initial

Determination" phase.  A copy of this status check is provided as **Exhibit B**.

22.    On September 25, 2023, one week after the September 18, 2023 deadline, Plaintiff's

counsel reached out to the DHS Privacy Office to check on the status of the FOIA Request. DHS

Privacy Office responded that it is "still in the process of reviewing the case."  A copy of Plaintiff's

---

[2] "[T]he (Forced Labor Enforcement Task Force ("FLETF")) would do well to offer a more developed explanation before future disputes reach the court… Exhaustion of the FLETF's delisting procedure, rather than litigation, is the preferable route through which a litigant should receive adequate notice; it better conserves judicial resources and it makes use of the FLETF's expertise."  Ninestar Corp., et. al, v. United States, et., al., Case No. 1:23-cv-00182-GSK, (Feb. 27, 2024 Opinion) (Slip-Op. 24-24), at p. 33, fn. 15 (citations omitted).

counsel's email communications with Defendants from August 2023 to April 2024 are provided as **Exhibit C**.

23.     DHS Privacy office had not only failed to provide a response to Plaintiff's FOIA Request within the statutorily required timeframe, but also failed to provide notice or otherwise inform Plaintiff that it intended delay its response to the FOIA Request.  *See* 5 U.S.C. § 552(a)(6)(B).

24.     On November 24, 2023, more than 30 days after the statutorily required deadline of September 18, 2023, DHS Privacy Office finally sent a communication to Plaintiff i) acknowledging receipt of the FOIA Request and ii) invoking a 10-day extension to respond to the FOIA Request pursuant to 6 C.F.R. § 5.5(c).  A copy is provided as **Exhibit D**.

25.     Despite already being more than one month passed the statutorily required deadline to respond and assuming Defendants' extension began from the date of the November 24, 2023 letter and is counted as 10 "business days," DHS Privacy Office's first extended deadline to respond to the FOIA Request was December 8, 2023.

26.     On December 19, 2023, Plaintiff's counsel contacted DHS Privacy Office to inquire on the status of the FOIA Request.  **Exhibit C**.

27.     On December 20, 2023, DHS Privacy Office replied stating i) it has tasked DHS PLCY to search for responsive records and ii) that DHS Privacy Office's "general expectation" was to provide a response to the FOIA Request "in the next three to four months."  **Exhibit C**.  Assuming this was tantamount to a 120-day extension, this would have placed DHS Privacy Office second extended response date to the FOIA Request as on or around April 22, 2024.

28.     On January 26, 2024, Plaintiff checked the status of its FOIA Request through the SecurePortal system and saw it was still in its "Initial Determination" and on a "Complex" processing track.  A copy of this status check is provided as **Exhibit E**.

29.     Defendants failed to respond to the FOIA Request by the second extended deadline set by DHS Privacy Office on April 22, 2024.

30.     On April 25, 2024, Plaintiff's counsel contacted DHS Privacy Office informing them that they have passed the "three to four month" expected response time and requesting an update on their response to the FOIA Request.  **Exhibit C**.

31.     The same day, DHS Privacy Office responded stating that it "needed additional time" and expected a final response "within three months," now taking a *third* self-implemented extension.  **Exhibit C**.  Assuming this is tantamount to a 90-day extension, this would have put the third extended deadline on or around July 25, 2024.

32.     Yet again the third extended deadline on July 25, 2024 came and went without Plaintiff receiving any response from Defendants.

33.     On February 10, 2025, DHS Privacy Office sent Plaintiff's counsel a letter stating that it planned to begin its "interim response" by February 21, 2025.  A copy of this letter is provided as **Exhibit F**.

34.     However, on February 21, 2025, Plaintiff nor its counsel received any response or communication from DHS Privacy Office, making it the fourth extended deadline which Defendants both set themselves and then failed to comply with.

35.     As of the date of this Complaint, Plaintiff had not received any further correspondence from Defendants.

36.    Because Defendants have failed to provide any response to the FOIA request despite the lapse of the original statutory deadline and three extended deadlines set by DHS Privacy Office itself, which has now spanned over 16 months, Plaintiff has fully exhausted his administrative remedies regarding the FOIA Request, and are now entitled to judicial action enjoining Defendants from withholding records and ordering Defendants respond to and produce records responsive to the FOIA Request.

**COUNT I**
**Violation of FOIA 5 U.S.C. § 552**
**(Wrongful Failure to Produce Records Pursuant to, and Violation of the**
**Provisions of FOIA)**

37.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

38.    FOIA authorizes a court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

39.    Plaintiff properly requested records that are within Defendants' custody and control. **Exhibit A.**

40.    Defendants and DHS is an agency subject to FOIA, and therefore must provide a response within statutorily required timeframes.

41.    Defendants failed to respond to Plaintiff's FOIA request within the statutorily required timeframe and failed to respond within Defendants' own extended timeframe.

42.    Defendants' actions as described herein are a violation of FOIA and have violated Plaintiff's rights under the FOIA.

43.     Because Defendants failed to respond within the statutorily required timeframe, pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is considered to have exhausted their administrative remedies and, therefore, may bring suit in this Court.

44.     Accordingly, Plaintiff is entitled to relief requiring Defendants to respond and promptly produce all non-exempt records responsive to Plaintiff's FOIA Request from Defendants, declaratory relief finding that Defendants' actions are in violation of FOIA, and injunctive relief enjoining Defendants from withholding responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zubo Zhang respectfully request the following relief:

i.    An Order declaring that Defendants, DHS Privacy Office and DHS PLCY, violated the Freedom of Information Act by failing to timely respond to Plaintiff's FOIA Request;

ii.   An Order compelling Defendants to immediately respond, process and release all records responsive to Plaintiff's FOIA Request at no cost to Plaintiff;

iii.  An Order that this Court retain jurisdiction of this action to ensure Defendants properly, lawfully, and timely respond to Plaintiff's FOIA Request;

iv.   A preliminary and permanent injunction enjoining Defendants from withholding records responsive to Plaintiff's FOIA Request;

v.    An award to Plaintiff of costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or as otherwise provided by law in light of Defendants' lack of good faith in failing to comply with statutory requirements and thereby requiring Plaintiff to expend resources on this matter; and

vi.   A grant of any and all other additional relief that the Court may deem just and proper.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*/s/ Robert L. Avers*

Robert L. Avers
Bar ID MI0083
MI Bar No. P75396
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1672

Jacob L. Clark (*motion for admission pending*)
D.C. Bar No. 1719520
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1624
jlclark@dickinsonwright.com

Mark V. Heusel (*motion for admission forthcoming*)
MI Bar No. P47528
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dickinsonwright.com
*Attorneys for Plaintiff*

**DATE:** February 25, 2025